UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AARON MCDONALD,

    Petitioner,

                                                    Case No. 08-10842

v.

                                                    Honorable Patrick J. Duggan

CINDI CURTIN,

    Respondent.
_____/

## OPINION AND ORDER DENYING (1) THE PETITION FOR A WRIT OF HABEAS CORPUS, (2) THE MOTION FOR EVIDENTIARY HEARING, AND (3) A CERTIFICATE OF APPEALABILITY

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on <u>August 3, 2010</u>.

PRESENT:       THE HONORABLE PATRICK J. DUGGAN
                    U.S. DISTRICT COURT JUDGE

     Petitioner, a Michigan prisoner, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 alleging he is being held in violation of his constitutional rights. Petitioner is challenging his conviction following a guilty plea in 2004 to two counts of Criminal Sexual Conduct in the First Degree in violation of Michigan Compiled Laws § 750.520b. Petitioner asserts that police misconduct occurred in connection with his arrest, that his plea was involuntary, and that he received ineffective assistance of trial and appellate counsel. For the reasons stated herein, the Court denies the petition for writ of habeas corpus. The Court also denies Petitioner's motion for an evidentiary hearing

and a certificate of appealability.

I.  **Factual and Procedural Background**

Petitioner's conviction arises from two incidents on March 21 and May 6, 2004 when he raped two women. On November 10, 2004, Petitioner pled guilty pursuant to a plea agreement to two counts of Criminal Sexual Conduct in the First Degree. Petitioner admitted during the plea colloquy that, in both incidents, he forced the victim into his vehicle at gunpoint, drove to another location, and forced the victim to have sexual intercourse with him. As part of the plea agreement, the prosecutor agreed to dismiss eleven charges in the two cases in which Petitioner pled guilty and charges in two other cases alleging substantially similar facts against Petitioner.

One of the dismissed cases arose from Petitioner's arrest in connection with a different sexual assault that occurred on May 21, 2004. In an affidavit supporting a warrant for Petitioner's arrest in that case, Detroit Police Officers stated that on May 21, 2004, they stopped Petitioner in his vehicle, a black and gold Ford Expedition, after they saw a young woman exit the vehicle driven by Petitioner and then saw Petitioner drive away at a high rate of speed. After stopping Petitioner's vehicle, the officers issued Petitioner a ticket for not possessing registration information and failing to produce evidence of automobile insurance. The officers stated that, after issuing the ticket and dismissing Petitioner, they received a police bulletin notifying them of a rape that occurred in the area in a black truck. The officers identified the complainant as the woman they had witnessed exiting Petitioner's vehicle.

Two days later, on May 23, 2004, a warrant was issued for Petitioner's arrest in connection with the May 21 incident. Petitioner was arrested on May 25, 2004. The record does not indicate whether the complainant in the May 21 incident positively identified Petitioner in a line-up. On May 27, 2004, however, complainants from three other similar incidents of sexual assault each positively identified Petitioner out of a line-up as their assailant.

Petitioner was represented by appointed counsel throughout his proceedings. In July 2004, Petitioner filed a notice of defense of insanity, which was followed by a competency hearing in September 2004 where Petitioner was found to be competent. A trial was scheduled for December 2004. Petitioner was offered a plea agreement with a deadline of November 10, 2004. On November 6, 2004, Petitioner became dissatisfied with his first appointed counsel and acquired new trial counsel. Petitioner then pled guilty on November 10, 2004, on the deadline given by the prosecutor. During the plea hearing, a factual basis for the plea was established and the court found that the plea was made accurately, understandingly, and voluntarily. On November 29, 2004, the trial court sentenced Petitioner in accordance with the plea agreement to two concurrent terms of 15-to-30 years' imprisonment.

On November 15, 2005, Petitioner, through counsel, filed a motion to withdraw the plea contending that the psychologist conducted an inadequate investigation and that a complete investigation would have reflected Petitioner's insanity at the time of the crime. Petitioner argued that because he was not guilty by reason of insanity, his plea was not

3

accurately made. The trial court denied Petitioner's motion on December 2, 2005, after determining that the plea was made accurately, understandingly, and voluntarily. Petitioner then filed a delayed application for leave to appeal with the Michigan Court of Appeals, arguing that the trial court abused its discretion when it denied the motion. On February 9, 2006, the court of appeals denied the delayed application for leave to appeal for lack of merit. *People v. McDonald*, No. 267482 (Mich. Ct. App. Feb. 9, 2006) (unpublished). Petitioner then filed an application for leave to appeal with the Michigan Supreme Court, which the Court denied also for lack of merit on July 31, 2006. *People v. McDonald*, 476 Mich. 857, 718 N.W.2d. 356 (2006).

Petitioner thereafter filed a pro se motion for relief from judgment in the trial court alleging ineffective assistance of trial and appellate counsel, police misconduct in the course of Petitioner's arrest (which the court construed as an illegal search and seizure claim), and an involuntary plea as a result of the ineffective assistance of trial counsel. On March 1, 2007, the trial court denied the motion on the grounds that Petitioner procedurally defaulted his claims by not raising them on direct appeal and that Petitioner failed to meet the burden required by Michigan Court Rule 6.508(D)(3)(a-b) to overcome procedural default. On March 27, 2007, the trial court denied Petitioner's motion for reconsideration.

Petitioner filed a delayed application for leave to appeal with the Michigan Court of Appeals, which the court denied on September 17, 2007, on the ground that Petitioner failed to meet the burden of Michigan Court Rule 6.508(D). *People v. McDonald*, No.

4

278722 (Mich. Ct. App. Sept. 17, 2007) (unpublished). Petitioner then filed an application for leave to appeal with the Michigan Supreme Court, which the Court denied on January 8, 2008, also on the ground that Petitioner failed to meet the burden of Michigan Court Rule 6.508(D). *People v. McDonald*, 480 Mich. 1010, 743 N.W.2d 25 (2008).

On February 29, 2008, Petitioner filed the pending petition for a writ of habeas corpus under 28 U.S.C. § 2254, raising the following claims: (1) police misconduct by the delay in arrest causing prejudice; (2) involuntary plea; (3) ineffective assistance of trial counsel; and (4) ineffective assistance of appellate counsel. On June 23, 2010, Petitioner also filed a motion for evidentiary hearing.

## II. Motion for Evidentiary Hearing

Petitioner requests an evidentiary hearing pursuant to 28 U.S.C. § 2254(e)(2). As relevant to this case, § 2254(e)(2) provides that a federal habeas court "*shall* not hold an evidentiary hearing" unless the petitioner shows that:

(A) the claim relies on–
. . .
    (ii) a factual predicate that could not have been previously discovered
    through the exercise of due diligence; and

(B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable fact-finder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2254(e)(2) (emphasis added). It is within a federal habeas court's discretion to decide whether a petitioner is entitled to an evidentiary hearing. *Brofford v. Marshall*,

751 F.2d 845, 853 (6th Cir. 1985). For the reasons discussed *infra*, Petitioner fails to make this required showing. Therefore, Petitioner's request for an evidentiary hearing is denied.

### III. Standard of Review

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") governs this Court's review of the state courts' decisions in Petitioner's case. Petitioner is entitled to the writ of habeas corpus only if he can show that the state courts' adjudication of his claims on the merits:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

A state court's decision is "contrary to" clearly established federal law if the state court "arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law," or if a state court "decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412-413, 120 S. Ct. 1495, 1523 (2000). "Contrary to" is construed to mean "diametrically different, opposite in character or nature, or mutually opposed." *Williams*, 529 U.S. at 405, 120 S. Ct. at 1519.

A state court's decision is an "unreasonable application" of clearly established

federal law if the state court "identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Williams*, 529 U.S. at 413, 120 S. Ct. at 1523.

IV. **Analysis**

Petitioner's claims all relate to his arrest. Petitioner essentially argues that the Detroit Police Officers who detained him at the traffic stop on May 21, 2004, submitted an affidavit falsely stating that the officers observed the complainant exiting Petitioner's vehicle. Petitioner argues that if the officers had truly observed the complainant exiting his vehicle, the officers would have arrested Petitioner on May 21, 2004, instead of waiting to obtain a warrant for Petitioner's arrest two days later. Petitioner seems to allege that the two day time period between the traffic stop and his arrest was unconstitutional and caused prejudice to his case, and that the wait to obtain a warrant was a conspiracy on the part of the police to fabricate probable cause to arrest him. Petitioner alleges ineffective assistance of trial counsel because counsel failed to investigate the "delay in arrest" and a three-block discrepancy in the location of the traffic stop between the traffic ticket and the police officer's affidavit in support of the warrant for Petitioner's arrest.[1] Petitioner alleges ineffective assistance of appellate counsel because the delay in arrest issue was not raised in Petitioner's direct appeal.

---

[1]Petitioner conveniently has attached to his petition a map of the area where he was stopped on May 21, 2004, to demonstrate the distance between where the traffic citation states he was stopped by police (Pinehurst and St. Martin) and where the police state he was stopped in their affidavit in support of the arrest warrant (Pinehurst and Pembroke). (*See* Pet. Exs. B-D.)

### A. Procedural Default

Respondent argues that procedural default bars all of Petitioner's claims. A petitioner procedurally defaults a federal claim in state court when an "independent" and "adequate" state procedural rule prevents adjudication of the claim. *See Biros v. Bagley*, 422 F.3d 379, 388 (6th Cir. 2005) (citing *Coleman v. Thompson*, 501 U.S. 722, 729-30, 111 S. Ct. 2546 (1991)). The last state court rendering a judgment in the case must base its decision on the state procedural rule in order for procedural default to apply. *Simpson v. Jones*, 238 F.3d 399, 406 (6th Cir. 2000). "[I]f a Petitioner procedurally defaults a claim in state court, that procedural default carries over to federal court and precludes habeas review of that claim in federal court." *Id*.

Petitioner first raised the claims that he presents to this Court in his motion for relief from judgment. The Michigan Supreme Court denied Petitioner's motion for relief from judgment for failing to meet the burden of Michigan Court Rule 6.508(D), which is Michigan's invocation of procedural default. *McCray v. Metrish*, 232 F. App'x 469, 478 (6th Cir. 2007) (unpublished). Therefore, because the state court applied a state procedural rule in declining to adjudicate Petitioner's claims, Petitioner's claims are procedurally defaulted.

A federal court may excuse a procedural default if the petitioner can demonstrate cause for noncompliance with the procedural rule and actual prejudice arising from the alleged constitutional violation, or show that a fundamental miscarriage of justice will occur if the claims are not considered. *Simpson*, 238 F.3d at 406 (citing *Coleman*, 501

U.S. at 750, 111 S. Ct. at 2565). Petitioner asserts that a fundamental miscarriage of justice will occur if he is not granted relief. To make this showing, however, Petitioner must demonstrate that the alleged constitutional violation probably resulted in the conviction of one who is actually innocent. *Schlup v. Delo*, 513 U.S. 298, 326-27, 115 S. Ct. 851, 866-67 (1995). "To be credible, [a claim of actual innocence] requires [a] petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Id*. at 324, 115 S. Ct. at 865. Petitioner fails to present such evidence.

Accordingly, Petitioner's right to federal habeas review is waived for failure to comply with state procedural rules. *Gravely v. Mills*, 87 F.3d 779, 784-85 (6th Cir. 1996). Nevertheless, even if Petitioner's claims were not procedurally defaulted, the Court would conclude that they lack merit for the reasons discussed herein. *See* 28 U.S.C. § 2254(b)(2) (indicating that "[a]n application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State"); *see also Hudson v. Jones*, 351 F.3d 212, 215 (6th Cir. 2003) (citing *Lambrix v. Singletary*, 520 U.S. 518, 525, 117 S. Ct. 1517, 1523 (1997)) (indicating that "federal courts are not required to address a procedural-default issue before deciding against the petitioner on the merits.")

   **B.   Police Misconduct and Delay in Arrest**

Petitioner argues that the two day delay between his traffic stop and arrest was

"unexplainable, deliberate, and prejudicial," and that as a result of the delay, his due process rights were violated and an illegal search and seizure occurred. In addition to claiming that this claim is procedurally defaulted, Respondent argues that Petitioner's police misconduct claim is waived by Petitioner's guilty plea.

The Supreme Court has long held that a criminal defendant who pleads guilty "may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea . . .." *Tollett v. Henderson*, 411 U.S. 258, 267, 93 S. Ct. 1602, 1608 (1973). Therefore, to the extent Petitioner alleges that his rights under the Fourth, Fifth, and Fourteenth Amendments were violated by the delay in his arrest, his claim fails on the merits because it alleges a deprivation of constitutional rights that occurred prior to his guilty plea and such a claim is precluded by the plea.

Even assuming that Petitioner's claim is not precluded by his guilty plea, the claim would still fail. To prove unconstitutional delay before arrest, a defendant must demonstrate substantial prejudice to his right to a fair trial and that the arrest was intentionally delayed so that the government could gain a tactical advantage. *United States v. Brown*, 959 F.2d 63, 66 (6th Cir. 1992). The police officer's affidavit in support of the warrant for Petitioner's arrest makes clear that the police did not arrest Petitioner when they stopped him for a traffic violation because they did not yet know that a rape had occurred. Petitioner was arrested two days later once the police officers were able to identify Petitioner as the suspect. While Petitioner asserts that this two day delay

prejudiced his case, he has failed to assert any actual prejudice to his right to a fair trial that occurred as a result of the delay. Therefore, Petitioner's claim would still fail on the merits even if the claim was not precluded by the plea and the procedural default rule.

Therefore, Petitioner is not entitled to habeas relief based on his delay in arrest claim.

### C. Involuntary Plea

Petitioner argues that his plea was involuntary because of the "unjust tactical advantage the Prosecution had over the Defendant, [which] tainted the entire judicial process rendering the plea induced." (Doc. 1 at 6.) The "unjust tactical advantage" to which Petitioner refers appears to be the result of his allegedly delayed arrest. Petitioner also argues that he received ineffective assistance of trial counsel which rendered the plea involuntary. This refers to trial counsel's failure to challenge the legality of Petitioner's allegedly delayed arrest.

When a criminal defendant challenges his plea, the State satisfies its burden of proving that the plea was made accurately, understandingly, and voluntarily by producing a transcript of the plea proceeding. *Garcia v. Johnson*, 991 F.2d 324, 326 (6th Cir. 1993). On November 10, 2004, Petitioner appeared before the trial court to enter his guilty plea. The court found that Petitioner had attended two years of college, was both represented by and satisfied with counsel, and understood the sentence range and the terms of his plea agreement. (11/10/04 Tr. at 6-7.) A review of the transcript from the plea proceeding demonstrates that the trial court inquired into the nature of the plea to ensure that it was

11

made accurately, understandingly, and voluntarily. (*Id*. at 7-16.)

Petitioner fails to explain how the delay in his arrest rendered his plea unknowing or involuntary. As indicated earlier, a valid guilty plea waives all non-jurisdictional constitutional claims, including alleged violations of due process. *Tollett*, 411 U.S. at 267, 93 S. Ct. at 1608. Because Petitioner's plea waived any due process or search and seizure claim in connection with the alleged delay in his arrest, Petitioner does nothing more than make a conclusory allegation that his plea was involuntary, which directly contradicts his sworn statement made at his plea hearing.

Petitioner's plea is only valid if it was made on the advice of competent counsel. *See Hunter v. United States*, 160 F.3d 1109, 1115 (6th Cir. 1998) (quoting *Cuyler v. Sullivan*, 446 U.S. 335, 344, 100 S. Ct. 1708 (1980)). Because Petitioner alleges that he received ineffective assistance of trial counsel causing his plea to be involuntary, the competency of Petitioner's counsel as it relates to his plea must be addressed. A guilty plea cannot be attacked on ineffective assistance grounds "unless counsel was not 'a reasonably competent attorney' and the advice was not 'within the range of competence demanded of attorneys in criminal cases.'" *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984) (quoting *McMann v. Richardson*, 397 U.S. 759, 770-71, 90 S.C. 1441, 1448-49 (1970)); *see also Hunter*, 160 F.3d at 1115 (indicating that *Strickland* two-part test applies to ineffective assistance of counsel claims in the plea context). "Judicial scrutiny of counsel's performance must be highly deferential." *Strickland*, 466 U.S. at 688, 104 S. Ct. at 2065. Petitioner fails to allege facts suggesting that his trial

counsel performed deficiently with respect to advising Petitioner in relation to the plea.

Moreover, to demonstrate prejudice, Petitioner must show that but for counsel's incompetence, he would not have pleaded guilty. *Griffin v. United States*, 330 F.3d 733, 736-37 (6th Cir. 2003) (quoting *Hill v. Lockhart*, 474 U.S. 52, 58-59, 106 S. Ct. 366 (1985)). Notably, when he pled guilty, Petitioner was facing thirteen various charges including criminal sexual conduct and other offenses. The State possessed rape kits with sperm cells present as well as a blood sample from Petitioner and had three complainants who identified Petitioner as their assailant. In the face of such evidence, Petitioner does not make a showing that counsel's advice that Petitioner accept the plea agreement was in any way incompetent.

For these reasons, Petitioner is not entitled to habeas relief based on his involuntary plea claim.

**D.     Ineffective Assistance of Trial Counsel**

Petitioner asserts that his trial counsel was ineffective for failing to investigate the delay in his arrest, for failing to "conduct a due diligence basic investigation," and for only being assigned to represent Petitioner four days prior to Petitioner's guilty plea.

To succeed on his ineffective assistance of counsel claim, Petitioner must show that (1) counsel's performance was deficient, and (2) the deficient performance prejudiced his defense. *Strickland*, 466 U.S. at 687, 104 S.C. at 2064. "Deficient" means a "showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id*. To show prejudice in

13

plea cases, "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 58-59, 106 S.C. 366, 370 (1985).

Petitioner alleges that his trial counsel failed to conduct a thorough investigation into the circumstances of his arrest, specifically the delay in arrest and the discrepancy discussed earlier with respect to the location of the traffic stop on May 21, 2004. "[W]here the alleged error of counsel is a failure to investigate or discover potentially exculpatory evidence, the determination whether the error 'prejudiced' the defendant by causing him to plead guilty rather than go to trial will depend on the likelihood that discovery of the evidence would have led counsel to change his recommendation as to the plea." *Hill*, 474 U.S. at 59, 106 S. Ct. at 370. Because Petitioner's underlying delay in arrest claim is without merit, Petitioner cannot rely on that claim as a basis for an ineffective assistance of counsel claim.

With respect to the three block inconsistency regarding the location of Petitioner's traffic stop as stated on his ticket and in the police affidavit in support of his arrest warrant, Petitioner contends that this unexplored discrepancy demonstrates that his counsel failed to fully investigate Petitioner's case. At most, the discrepancy appears to be a minor typographical error: on Petitioner's traffic ticket the location of the stop is listed as approximately three blocks to the north of the location where the officers first observed Petitioner drive away at a high rate of speed. Given the deferential standard of review and the trivial nature of the alleged discrepancy, Petitioner fails to meet his burden

of showing that his counsel was deficient in failing to investigate further. He also fails to show prejudice resulting from any deficiency.

Petitioner also asserts that he received ineffective assistance of counsel because his second trial counsel was appointed four days before he entered his guilty plea. Petitioner, however, has not asserted any actual deficiency that arose from this late appointment. Moreover, the last-minute appointment occurred at the request of Petitioner after he "became dissatisfied with" his first attorney. Furthermore, at the plea hearing, after Petitioner had retained his second trial counsel, the trial court specifically asked Petitioner "And you are satisfied with [counsel's] services, is that correct?" (11/10/04 Tr. at 6.) In response, Petitioner replied: "Yes, sir." (*Id.*)

Because Petitioner fails to show deficiency in counsel's performance and any prejudice resulting from the alleged deficiencies, Petitioner's ineffective assistance of trial counsel claim does not entitle him to habeas relief.

### E. Ineffective Assistance of Appellate Counsel

Petitioner asserts that he received ineffective assistance of appellate counsel because his counsel failed to raise his delay in arrest claim on appeal and failed to investigate the delay in arrest. Because Petitioner's underlying delay in arrest claim has already been found to be without merit, Petitioner's ineffective assistance of appellate counsel claim must fail as well.

"Appointed counsel cannot be deemed ineffective for failing to raise frivolous claims." *Norris v. Schotten*, 146 F.3d 314, 336 (6th Cir. 1998). Petitioner's appointed

counsel pursued a logical and sound appeal strategy based on an inaccurate plea claim. Petitioner has failed to show deficiency and prejudice that resulted from appellate counsel's decision to not pursue Petitioner's frivolous delay in arrest claim. Accordingly, Petitioner's ineffective assistance of appellate counsel claim fails on the merits.

## V. Conclusion

For the reasons stated, the Court concludes that Petitioner is not entitled to federal habeas relief based on the claims presented in his petition and the petition must be denied.

Before Petitioner may appeal the Court's decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a district court rejects a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that "reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595, 1604 (2000). "A petitioner satisfies this standard by demonstrating that jurists of reason could . . . conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327, 123 S.C. 1029, 1034 (2003). However, when a district court denies habeas relief on procedural grounds without reaching the petitioner's constitutional claims, a certificate may issue if the petitioner shows that jurists of reason would find it debatable whether (1) the petition states a valid claim of a denial of a constitutional right; *and* (2) the district court was

correct in its procedural ruling. *Id.* at 484-85, 120 S. Ct. at 1604.

The Court concludes that jurists of reason would not find it debatable that Petitioner has failed to make a substantial showing of the denial of a constitutional right. Further, reasonable jurists would not find this Court's conclusion that Petitioner's claims are procedurally defaulted incorrect. Therefore, no certificate of appealability is warranted in this case.

Accordingly,

**IT IS ORDERED**, that the petition for writ of habeas corpus is **DENIED**;

**IT IS FURTHER ORDERED** that Petitioner's Motion for Evidentiary Hearing is **DENIED**;

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

<u>PATRICK J. DUGGAN</u>
UNITED STATES DISTRICT JUDGE

Copies to:
Aaron McDonald, #517417
Newberry Correctional Facility
3001 Newberry Avenue
Newberry, MI 49868

Raina Korbakis, Assistant Attorney General